UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY NICHOLS,<br><br>    Plaintiff,<br><br>    v.<br><br>STEWART TITLE OF PLACER, a California corporation, STEWART TITLE GUARANTY COMPANY, a Texas corporation, RACHEL SIDERS, LEAH ISOM and DOES 1–50, inclusive,<br><br>    Defendants. | No. 2:15-cv-00977-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Plaintiff Tiffany Nichols's ("Plaintiff") Motion to Amend the Complaint (ECF No. 24) and Defendant Stewart Title of Placer's ("Defendant" or "STP") Motion to Dismiss and Motion for Summary Judgment (ECF Nos. 7 & 8). For the reasons stated below, Plaintiff's Motion to Amend is GRANTED. In consideration of said ruling, Defendant's Motion to Dismiss and Motion for Summary Judgment are DENIED AS MOOT.

**I. Background and Procedural History**

A. Factual Allegations in the Complaint

The Complaint was filed on May 6, 2015. Therein, Plaintiff alleges that beginning on or about January, 2008, Defendants engaged in a scheme to obtain funds from financial institutions, including Washington Mutual Bank, NA., and U.S. Bank, N.A. (ECF No. 1 ¶ 13.) As part of the

1

scheme, Plaintiff was named on home equity lines of credit; various real estate documents were signed or notarized in Plaintiff's name; and fraudulent tax returns were submitted in Plaintiff's name, among other acts, without Plaintiff's knowledge. (ECF No. 1 ¶¶ 17, 19, 25.)

Non-party Theo Adams committed these acts; Plaintiff discovered she was a victim in the scheme during her divorce proceedings from Mr. Adams. Plaintiff later discovered the participation of the named parties in this suit upon receiving notice from the Department of Justice in connection with the criminal prosecution of the scheme. (ECF No. 1 ¶ 31.)

Of particular relevance to the instant motion to amend, Plaintiff alleges specifically: "On or about April 21, 2008, Defendant Rachel Siders notarized various real estate closing documents in Plaintiff's name without Plaintiff's presence, knowledge or consent." (ECF No. 1 ¶ 19.) "On or about September 24, 2008, Defendant Leah Isom, at the direction of Defendant Rachel Siders, signed and notarized a deed of trust, secured by the Mariposa Avenue property, in Plaintiff's name, without Plaintiff's knowledge or consent." (ECF No. 1 ¶ 26.) "Defendant Stewart Title of Placer was at certain times relevant herein the employer of Defendants Rachel Siders and Leah Isom." (ECF No. 1 ¶ 52.)

The Complaint brings six causes of action:

- Fraud – Concealment against all Defendants
- Negligent Hiring and Supervision against Defendants Stewart Title of Placer and Stewart Title Guaranty
- Breach of Fiduciary Duty against all Defendants
- Civil RICO violations against all Defendants, 18 U.S.C. § 1962 et seq.
- Constructive Fraud – Concealment against all Defendants
- Violations of California's Unfair Competition Law, Cal. Bus. and Prof. Code § 17200

B. <u>Defendant's Motion to Dismiss and Motion for Summary Judgment</u>

Defendant filed the motion to dismiss and motion for summary judgment on June 22, 2015. Both Defendant's motion to dismiss and motion for summary judgment rely heavily on the following argument (taken here from the motion to dismiss): "In the instant action, the key

2

allegations concerning the potential liability of STP under all six causes of action in the Complaint pertain to a discrete time frame in 2008.  At the time Defendants Siders and Isom allegedly became involved in the scheme with Adams to improperly use Plaintiff's forged information to secure loan proceeds, Siders and Isom were not employees of STP.  There is no factual allegation in the Complaint that remotely links STP to the alleged torts.  Further, there is no allegation of fact stating that Siders and Isom were actually employed by STP in 2008 … The Complaint's conspicuous failure to allege that Siders and Isom were employed by STP in 2008 is fatal to Plaintiff['s] causes of action where there are no other facts to connect the conduct of Siders and Isom to STP." (ECF No. 7-1 at 6–7; *see also* ECF No. 8-1 at 9.)

Although Defendant's motions raise other arguments, the foregoing is an important issue in both of said motions, and is the main issue raised relative to Plaintiff's motion to amend the complaint.

### C. Plaintiff's Motion to Amend

Following the filing of Defendant's dismissal/summary judgment motions, Plaintiff filed the instant motion to amend the complaint, on December 14, 2015.  The supporting declaration states that the amended complaint identifies three additional DOE defendants: Theo Adams, U.S. Bank, N.A., and First American Financial Corp.  And, the amended complaint "contains factual allegations relevant to those new Defendants and factual allegations concerning existing Defendants which were uncovered during Plaintiff's Opposition to [Defendant's] Motion to Dismiss." (Clinton Decl., ECF No. 24-1 ¶¶ 3–4.)

The most relevant change (as highlighted by Defendant) appears to be the following:  the original Complaint stated that Siders and Isom conducted fraudulent conduct at various points in 2008.  (*See e.g.* ECF No. 1 ¶¶ 19, 26.)  The proposed amended complaint states: "Beginning some time prior to November 2, 2007," Defendants (apparently including Siders and Isom) conducted fraudulent conduct.[1]  (Prop. Amend. Compl., ECF No. 24-1, Ex. A ¶¶ 16, 19.)

//

---

[1] It appears that the majority of fraudulent conduct, and the specific date of November 2, 2007, is alleged relative to Defendant Siders rather than Defendant Isom in the amended complaint.

**II. Legal Standard**

The parties agree that the instant motion is subject to Fed. R. Civ. P.'s 15(a)'s requirement that amendment occur only by leave of court or by written consent of both parties. Defendant does not consent to amendment. Rule 15 provides that "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

Factors to consider in deciding whether to grant leave to amend include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Not all of the factors merit equal weight. As [the Ninth Circuit] and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.* 316 F.3d 1048, 1052 (9th Cir. 2003).

**III. Analysis**

A. <u>Defendant's arguments</u>

Defendant opposes amendment. Defendant argues: "Plaintiff proposed the instant Amendment only when she realized Siders and Isom were not employed by STP at the time the events of the alleged claim took place." (ECF No. 25 at 4.) Defendant argues that Plaintiff's motion to amend conceals the fact that she actually intends to alter dates from her original complaint that bear directly on when Siders and Isom were employed, thus supporting a finding of bad faith. (ECF No. 25 at 4.)

Defendant argues that Plaintiff has unduly delayed because she proposed to Defendant that they stipulate to amend the complaint in August 2015. Defendant declined to stipulate, and then Plaintiff did not file the instant motion until mid-December 2015. (ECF No. 25 at 4.)

Defendant argues that requiring the parties to conduct continued litigation with additional discovery due to amendment would cause undue prejudice. Defendant would also have to prepare new motions to dismiss and for summary judgment based on any additional discovery. Plaintiff would gain an advantage by being able to plead new facts specifically to overcome

Defendant's motion to dismiss/motion for summary judgment.  (ECF No. 25 at 4–5.)

Defendant argues that Plaintiff has been provided with the employment files of Siders and Isom, and Plaintiff has already had an opportunity to dispute the dates the alleged fraud occurred in her opposition to the motion to dismiss/ motion for summary judgment.  Defendant argues Plaintiff did not dispute these dates in her opposition.  (ECF No. 24 at 4–5.)

Defendant argues that judicial estoppel should be applied to prevent Plaintiff from taking inconsistent positions in the original complaint and the proposed amended complaint.  (ECF No. 25 at 5–6.)

B. Plaintiff's arguments

Plaintiff responds that during the process of opposing Defendant's dismissal/summary judgment motions, she "discovered facts which related to new defendants and existing defendants which were not contained in the original Complaint."  (ECF No. 28 at 2.)  Plaintiff responds that the proposed amendments "do not require Defendant STP to engage in any additional discovery."  (ECF No. 28 at 3.)  Regarding delay, Plaintiff responds that she "waited to file her motion to see whether the Court would rule on Defendant's Motion to Dismiss," and subsequently decided to file the motion to amend.  (ECF No. 28 at 3.)

Plaintiff disputes that her motion seeking leave to amend attempts to conceal from the Court the actual proposed amendments (namely the dates of employment of Siders and Isom). Plaintiff states that at the time she sought a stipulation from Defendant regarding amendment, during the briefing on the motion to dismiss, she had discovered the instant dates she now seeks to include and had so noticed Defendant at the time she sought the stipulation.  (*See* ECF No. 24-1 ¶¶ 4–7, Ex. A.)  Plaintiff also argues that judicial estoppel is inapplicable.

C. Conclusion

Factors to consider in deciding whether to grant leave to amend include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Foman,* 371 U.S. at 182.

//

The Court finds there was not unduly delay and/or dilatory motive, or bad faith, on Plaintiff's part.  Plaintiff waited about four months after seeking a stipulation to amend the complaint to file the instant motion.  However, it is not disputed that Plaintiff provided a copy of the proposed amended complaint to Defendant at the time she sought the stipulation.  Defendant (and it appears Plaintiff) have filed with the Court that proposed amended complaint, which contains the same change in dates now at issue. (ECF No. 24-1, Ex. A; Jensen Decl., ECF No. 25-1 ¶ 5, Ex. C.)  The fact that Plaintiff apparently waited to see if the Court would rule on the pending motions to dismiss/motions for summary judgment is not particularly relevant.  If a ruling on those motions were not in Plaintiff's favor, it would be expected (in accordance with Rule 15) that Plaintiff be given leave to amend.  Thus, Plaintiff would have the opportunity to make the same amendments at that point.  Further, there does not appear to be any advantage Plaintiff would gain by filing the motion to amend now as opposed to in August, 2015, when she sought a stipulation.  At that point, the briefing on the pending dismissal/summary judgment motions had been completed.  Defendant's argument that in her opposition Plaintiff did not dispute the original dates in the complaint is not accurate.  On page 3 of her opposition, Plaintiff stated that Siders committed fraudulent activity on November 2, 2007. (ECF No. 12 at 6; *see also* Pl.'s Statement of Disp. Facts, ECF No. 12-4.)  Therefore, the proposed amended complaint Plaintiff provided to Defendant in August, 2015, as well as Plaintiff's filing with this Court relative to the dismissal/summary judgment motions, contained the November 2, 2007 date which Defendant takes issue with now.  For those reasons, the Court finds that the factors of bad faith and undue delay do not favor denying the instant motion to amend.

The Court finds that permitting amendment does not unduly prejudice Defendant.  Defendant argues that Plaintiff's motion to amend will require additional discovery, while also arguing that Plaintiff already has the employment files of Siders and Isom and thus could have already disputed the dates the alleged fraud occurred.  It appears the additional discovery that Defendant says will be required, would have to take place if amendment occurred after a ruling on the pending motions.

Defendant has not shown in the briefing on the instant motion that the new dates proposed

by Plaintiff are so unsupported by the evidence that amendment would be futile.  This is the first time Plaintiff has sought to amend the Complaint.  Thus, "repeated failure to cure deficiencies by amendments previously allowed" is not present.  *Foman,* 371 U.S. at 182.

Defendant's arguments regarding judicial estoppel are also not availing because it is not clear that Plaintiff sought to mislead the Court by taking inconsistent positions, nor has Plaintiff succeeded in any way by maintaining any particular position.  *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal quotation marks omitted) ("Under the judicial estoppel doctrine, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position"; "courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled").

Neither party cites authority discussing whether a motion to amend must be denied in light of a pending motion to dismiss and/or motion for summary judgment.  *MV American Queen v. San Diego Marine Construction Corp.,* 708 F.2d 1483, 1492 (9th Cir. 1983), cited by Defendant, considered the fact that a summary judgment motion was pending, but that was one among numerous factors favoring denial of leave to amend.  Although judicial economy or expediency is not cited as a factor in *Foman*, supra, it appears that the fastest route to resolution of challenges under Rules 12(b)6 and 56(a) in this case, is to get the amended complaint on the table now, and then rule on Defendant's challenges after taking into consideration these amendments.

In consideration of the foregoing factors, Plaintiff's motion to amend is GRANTED.  Since the proposed amendments will alter the facts at issue in the pending motion to dismiss and motion for summary judgment, it would be inappropriate for the Court to rule on said motions based on the earlier complaint.  Therefore, both Defendant's motion to dismiss and motion for summary judgment are DENIED AS MOOT.  Plaintiff shall file the amended complaint within fourteen days of entry of this Order.

Dated: February 22, 2016

Troy L. Nunley
United States District Judge