UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY NICHOLS, et al., | No. 2:15-cv-00977-TLN-AC |
| Plaintiffs, | |
| v. | **ORDER** |
| STEWART TITLE OF PLACER, INC., et al., | |
| Defendants. | |

This matter is before the Court pursuant to Defendant Stewart Title of Placer, Inc.'s ("Stewart Title") Motion to Strike Class Action Allegations (ECF No. 35).[1] Plaintiff opposes the motion. (ECF No. 38.) The Court has carefully considered the arguments raised by the parties. For the reasons set forth below, Stewart Title's motion is DENIED.

### I.  INTRODUCTION AND BACKGROUND

In her first amended complaint ("FAC"), Plaintiff alleges Defendants, including Stewart Title, were part of a conspiracy to fraudulently obtain funds from financial institutions secured by the Federal Deposit Insurance Corporation. (ECF No. 31 at ¶¶ 16–17.)  In particular, Plaintiff asserts that her former husband, Defendant Theo Adams, and Defendants Rachel Siders and Leah Isom, who were "at certain relevant [times]" employed by Stewart Title, were among the co-

---

[1] Defendant Stewart Title Guaranty Company filed a Joinder to Defendant Stewart Title of Placer Inc.'s Motion to Strike Class Allegations (ECF No. 36).

conspirators.  (ECF No. 31 at ¶¶ 5–6, 9, 41–43.)  She further alleges that these three co-conspirators have been found guilty of criminal charges arising out of the fraudulent scheme.  (ECF No. 31 at ¶¶ 42–43.)  Plaintiff believes "hundreds of people" may have been victimized by this scheme and asserts she is one of them.  (ECF No. 31 at ¶¶ 18, 47.)  In her case, she alleges one or more fake tax returns with overstated income were filed in her name in order to procure home equity lines of credit without her knowledge or consent.  (*See* ECF No. 31 at ¶¶ 19–43.)  Plaintiff asserts that, among other things, her credit was damaged after the co-conspirators took the proceeds of and defaulted on these loans.  (*See* ECF No. 31 at ¶¶ 19–43.)

The FAC contains class action allegations on behalf of a putative class comprised of "all victims of Defendants' schemes with regard to obtaining of home equity or other loans through fraudulent means within four years prior to the date of" the FAC.  (ECF No. 31 at ¶¶ 44–60.)  Among other things, Plaintiff contends it will be a common question of law and fact whether Stewart Title "negligently hired and supervised Defendants Rachel Siders and Leah Isom."  (ECF No. 31 at ¶ 53.)  Stewart Title seeks to strike the class allegations in their entirety.  (ECF No. 35 at 2.)

## II.     STANDARD OF REVIEW

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true[.]" *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010).  Similarly, the Court "must view the pleading in the light most favorable to the nonmoving party." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011).  "Motions to strike are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011) (internal quotation marks omitted).  "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013).

Courts have recognized that class action allegations may sometimes be properly stricken

at the pleading stage. *See e.g.*, *Kamm v. California City Dev. Co.*, 509 F.2d 205, 209–213 (9th Cir. 1975); *see generally General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim."). However, Ninth Circuit precedent stands "for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). District courts have broad discretion to control the class certification process, including whether to permit discovery in connection with class certification. *See id.*

### III. ANALYSIS

Stewart Title argues that this Court "may strike class allegations prior to discovery" and sets forth a number of arguments for why the Court should do so here, including arguing that the putative class lacks "ascertainability" due to deficiencies with the class definition.[2] (*See* ECF No. 35 at 2, 4–7.) While Stewart Title has cited authority "for the proposition that class allegations can be stricken at the pleadings stage, it is in fact rare to do so in advance of a motion for class certification." *Cholakyan*, 796 F. Supp. 2d at 1245 (collecting cases). "Because striking is severe and disfavored, many courts have declined to so rule solely on the basis of the allegations in a complaint, preferring to address the propriety of the class action at a later stage in the litigation." *Khorrami v. Lexmark Int'l Inc.*, No. CV 07-01671 DDP (RCx), 2007 WL 8031909, at *2 (C.D. Cal. Sept. 13, 2007). Indeed, some district courts in this circuit have gone so far as to suggest that motions to strike class allegations are only granted "in rare occasions where the class definition is obviously defective in some way." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1221 (N.D. Cal. 2014).

---

[2] The Ninth Circuit recently "refrain[ed] from referring to 'ascertainability' in [an] opinion because courts ascribe widely varied meanings to that term." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 n.3 (9th Cir. 2017). Further, the *Briseno* panel observed that the Ninth Circuit "does not have its own definition" and, indeed, has not recognized an independent "'ascertainbility' requirement." *Id.* at nn.3–4. The parties in *Briseno* "dispute[d] only whether a class proponent must proffer an administratively feasible way to identify class members." *Id.* at n.4. However, the panel nonetheless observed that Ninth Circuit precedent has addressed "the types of alleged definitional deficiencies other courts have referred to as 'ascertainability' issues . . . through analysis of Rule 23's enumerated requirements." *Id.* For these reasons, the Court likewise refrains from using the term.

However, the Court is not required to determine class certification on the pleadings whenever a movant contends there is some deficiency in the class definition, as Stewart Title has here. *See Sutcliffe v. Wells Fargo Bank, N.A.*, No. C-11-06595 JCS, 2012 WL 4835325, at *4 (N.D. Cal. Oct. 9, 2012) ("[T]he district court has broad discretion as to *when* to address whether a class should be certified and the adequacy of a class definition.") (emphasis retained).  District court judges have deferred this determination until a motion for class certification in such circumstances on numerous occasions.  *See, e.g.*, *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615–16 (N.D. Cal. 2007) ("While plaintiffs' class definitions are suspicious and may in fact be improper, plaintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery[.]"); *Silcox v. State Farm Mut. Auto. Ins. Co.*, No. 14CV2345 AJB (MDD), 2014 WL 7335741, at *9 (S.D. Cal. Dec. 22, 2014) ("Yet, while Plaintiff's class definition may require further clarification, Plaintiff should be given the opportunity to make the case for certification in a later motion where such issues can be evaluated by the Court in their entirety."); *Guy v. Toys R US*, No. 16-CV-2224-AJB-JMA, 2017 WL 2230146, at *3 (S.D. Cal. May 22, 2017) ("Yet, while Guy's class definition may require further fine tuning, Guy should be given the opportunity to make the case for certification in a later motion where such issues can be evaluated by the Court in their entirety.")  Having carefully reviewed the submission of the parties, the Court similarly exercises its discretion to defer its decision.

### IV.   CONCLUSION

For the reasons discussed above, Defendant's Motion to Strike Class Allegations is hereby DENIED without prejudice.

IT IS SO ORDERED.

Dated: July 17, 2017

Troy L. Nunley
United States District Judge

4